AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

PAULO TALAMOA, Defendant

High Court of American Samoa
Trial Division

CR No. 80-88

January 17, 1989

Before KRUSE, Chief Justice.

Counsel: For Plaintiff, Barry I. Rose, Assistant
Attorney General
For Defendant, Herbert Evans, Assistant
Public Defender

On Motion to Compel Discovery:

Defendant made a number of discovery requests with the government and subsequent to a motion by the defendant to compel discovery of certain matters objected to by the government, the issues

for consideration by the Court were narrowed to: whether the government must disclose (1) any criminal records of its witnesses;[1] and (2) exculpatory evidence.

It appeared at the hearing that defendant's primary concern was the possibility of any witness having an off-island criminal record which would remain unknown to defendant. Defendant feels that with the government's comparative investigative resources, the requested information should be obtained by the government.

We hold this request to be beyond the scope of the discoverable and deny relief.

With regard to defendant's request for exculpatory evidence, defendant cites <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). In <u>Brady</u> the Supreme Court held that the requirements of due process prohibit the prosecution from suppressing any evidence favorable to an accused where the evidence is material either to guilt or punishment. Without conceding that the <u>Brady</u> rule is applicable in American Samoa, the government objects to the request as being overly broad and beyond the bounds of <u>Brady</u>. The defense in effect addresses the possibility that such evidence may exist and contends that such a general request is appropriate under <u>Brady</u>. They accordingly request the Court for a holding that <u>Brady</u> is equally applicable in American Samoa.

---

[1] The government has stipulated to the disclosure of its witness list at least three days prior to trial with the continuing obligation to update that list as it may change. We intimate no conclusions whatsoever with regard to the question of whether such a list of witnesses is discoverable in this jurisdiction. <u>Cf.</u> 18 U.S.C. § 3432. It might also be noted on the particular facts of this matter that the government had, in accordance with its claim to normal policy in these matters, made available to defendant the complete police interview file in connection with this case which contained among other things the names and statements of all people the police interviewed for statements.

We hold that the demands of due process, with regard to an accused's right to a fair trial, as found in Brady, are similarly the demands of Article 1, section 2 of the Revised Constitution of American Samoa, which requires that "[n]o person shall be deprived of life, liberty, or property, without due process of law." Secondly, and contrary to the government's position, we agree with the defense that notwithstanding the general nature of their request, it is nonetheless within the scope of Brady. See United States v. Agurs, 427 U.S. 97, (1976). That scope is not unlimited and a careful reading of the Agurs case should dispel any of the uncertainties alluded to by the prosecution.